1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ARIC R. SANDS,                                   )
                                                 )
                    Petitioner,                  )        No. C 07-4466 CRB (PR)
                                                 )
        vs.                                      )        ORDER TO SHOW CAUSE
                                                 )
MIKE S. EVANS, Warden,                           )        (Docs # 2 & 4)
                                                 )
                    Respondent.                  )
_____                )

        Petitioner, a state prisoner currently incarcerated at Salinas Valley State

Prison ("SVSP"), has filed a pro se petition for a writ of habeas corpus under 28

U.S.C. § 2254 challenging the forfeiture of 360 days of time credit after a

disciplinary panel found that he had assaulted another inmate with a weapon.

        Petitioner seeks appointment of counsel and leave to proceed in forma

pauperis under 28 U.S.C. § 1915.

                                **DISCUSSION**

A.      Standard of Review

        This court may entertain a petition for a writ of habeas corpus "in behalf

of a person in custody pursuant to the judgment of a State court only on the

ground that he is in custody in violation of the Constitution or laws or treaties of

the United States."  28 U.S.C. § 2254(a).

1      It shall "award the writ or issue an order directing the respondent to show

2   cause why the writ should not be granted, unless it appears from the application

3   that the applicant or person detained is not entitled thereto." Id. § 2243.

4      B.    Claims

5      Petitioner seeks federal habeas corpus relief on the ground that the

6   disciplinary panel's finding that he assaulted another inmate with a weapon, and

7   subsequent assessment of time credits, does not comport with due process.

8   Among other things, petitioner claims that the panel's finding is not supported by

9   the evidence.  Liberally construed, the claims appear cognizable under § 2254

10   and merit an answer from respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020

11   (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas

12   corpus liberally).

13      C.    Motion for Appointment of Counsel

14      Petitioner's motion (doc # 2) for appointment of counsel is DENIED

15   without prejudice.  See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986)

16   (unless an evidentiary hearing is required, the decision to appoint counsel in

17   habeas corpus proceedings is within the discretion of the district court).

18   Petitioner clearly presented his claims for relief in the petition and an order to

19   show cause is issuing.  Accord Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir.

20   1984) (although petitioner had no background in law, denial of appointment of

21   counsel within discretion of district court where petitioner clearly presented

22   issues in petition and accompanying memorandum).  The court will appoint

23   counsel on its own motion if a evidentiary hearing is later required.  See

24   Knaubert, 791 F.2d at 728 (appointment of counsel mandatory if evidentiary

25   hearing is required).

26   /

27

28                                                    2

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.    Petitioner's motion for leave to proceed in forma pauperis (doc # 4) is GRANTED.

2.    The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California.  The clerk also shall serve a copy of this order on petitioner.

3.    Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

4.    Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within 30 days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within 15 days of receipt of any opposition.

/

1          5.      Petitioner is reminded that all communications with the court must

2     be served on respondent by mailing a true copy of the document to respondent's

3     counsel.  Petitioner must also keep the court and all parties informed of any

4     change of address.

5     SO ORDERED.

6     DATED:  January 11, 2008

                                      CHARLES R. BREYER

7                                           United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28     G:\PRO-SE\CRB\HC.07\Sands, A1.or1.wpd                4