1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  SCOTT C. MATHER, State Bar No. 190912
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA  94102-7004
7    Telephone: (415) 703-5709
     Fax: (415) 703-5843
8    Email: Scott.Mather@doj.ca.gov

9  Attorneys for Respondent Michael S. Evans, Warden

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARIC R. SANDS (K-91492),<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>MIKE S. EVANS, Warden,<br><br>　　　　　　Respondent. | C07-4466 CRB<br><br>ANSWER TO ORDER TO SHOW CAUSE; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Judge:　The Honorable<br>　　　　　Charles R. Breyer |

**INTRODUCTION**

Petitioner Aric Sands is an inmate at Salinas Valley State Prison challenging a 360-day credit loss he received while at Deuel Vocational Institution after being found guilty of the disciplinary charge of assaulting another inmate with a weapon with serious bodily injury. In challenging the sufficiency of the evidence supporting the disciplinary action, his sole claim in this case, Petitioner alleges that (1) although he and another inmate assaulted a third inmate, there was no evidence that Petitioner possessed a weapon, (2) although Petitioner was seen to throw something away, the item was never identified, (3) although a weapon was later found in the area

where he had thrown something away, there was no evidence verifying this was the item Petitioner threw away, and (4) merely because the victim sustained puncture and slashing wounds did not automatically make Petitioner the person responsible for causing these injuries. On January 11, 2008, this Court issued an order to show cause why a writ of habeas corpus should not be granted. For the reasons set forth below, the state court reasonably denied Petitioner relief on the ground that the disciplinary action was supported by sufficient evidence. Respondent thus answers as follows:

## ANSWER TO THE ORDER TO SHOW CAUSE

In response to the petition for writ of habeas corpus filed on January 11, 2008, Respondent hereby admits, denies, and alleges the following:

1. Petitioner is in the lawful custody of the California Department of Corrections and Rehabilitation following his 2005 conviction of assault with a deadly weapon with likelihood of great bodily injury. In addition, Petitioner was convicted in 2006 of assault by a prisoner as a result of the incident that led to the disciplinary action being challenged in this case. (Ex. 1, Abstract of Judgment [2005 conviction]; Petn., exs. at 4 [2006 conviction].) Petitioner's earliest possible release date (EPRD) is currently March 20, 2011. (Ex. 2, Chronological History, at 1.)

2. On October 2, 2005, Correctional Officer Mora observed Petitioner and another inmate (Ketcherside) attacking a third inmate (Leimweber) on a prison yard at Deuel Vocational Institution by "striking him about the head and upper body with their fists and feet." Although Officer Mora three times ordered the inmates to "[s]top fighting and get down," sounding an alarm before the last order, they did not comply (other inmates on the yard complied with the order to "get down"). As a result, Officer Mora fired an "exact impact round" at Ketcherside's legs, but did not "observe an impact." By the time Officer Mora reloaded, the three inmates had complied with the prior orders to get down. (Ex. 3, Crime/Incident Report, at 2 & attached reports; Ex. 4, Rules Violation Report, at 1.)

3. In responding to the incident, Correctional Sergeant Brennan observed that Leimweber had "several lacerations/scratches" on his back that were "actively bleeding." Nearby, Correctional Officer Madrigal located an "inmate manufactured slashing weapon" by the fence

Ans. to OSC; Mem. of P. & A.                                              *Sands v. Evans*
                                                                          C07-4466 CRB

2

1  and noticed "several blood splatters" in the area where the assault had occurred. After all the
2  inmates had been removed from the yard, Officer Madrigal conducted a thorough search, locating
3  a second "inmate manufactured stabbing weapon in the yard toilet." (Ex. 3 at 2 & attached
4  reports; Ex. 4 at 2-3; Ex. 5, Oct. 2, 2005 Medical Report of Injury of Unusual Occurrence for
5  inmate Ketcherside.)

6      4.  Officer Mora and Sergeant Brennan subsequently reviewed the videotape of the
7  incident on the yard that had been recorded by the prison's surveillance system. The videotape
8  showed that Petitioner attacked Leimweber with a stabbing motion to Leimweber's back in the
9  northwest corner of the yard. Leimweber then ran to the southwest area of the yard. After
10 Petitioner threw an object from his right hand, both he and Ketcherside pursued Leimweber.
11 Meanwhile, inmate Howard walked to the area where Petitioner had discarded the item, bent
12 down and picked it up, and "ran to the yard toilet area and appeared to attempt to flush the
13 object." After catching up to Leimweber in the southwest corner of the yard, Petitioner resumed
14 his attack. Ketcherside also attacked Leimweber, making slashing motions to Leimweber's back
15 and left side, and then "appeared to throw an object to the ground near the fence." (Ex. 3 at 2-3
16 & attached reports; Ex. 4 at 2-3.)

17     5.  As a result of the assault, Leimweber sustained "abrasions/scratches consistent with
18 being inflicted by a slashing weapon, to his upper, mid and lower back, back of left arm and left
19 ear" as well as "puncture wounds consistent with being inflicted by a stabbing weapon to his
20 upper left back and lower right back." Petitioner and Ketcherside sustained no injuries, but both
21 inmates "were discovered to have blood on their palms." (Ex. 3 at 3 & attached reports; Ex. 4 at
22 3; Ex. 5.)

23     6.  Petitioner was subsequently issued a Rules Violation Report, charging him with battery
24 on an inmate with a weapon with serious bodily injury. (Ex. 4.) Petitioner requested that his
25 disciplinary hearing be postponed pending the outcome of the referral that had been made for
26 possible criminal prosecution. (*Id.* at 7.) On February 1, 2006, Petitioner pled guilty to the
27 criminal charge of assault by a prisoner and received a two-year sentence. (Petn., exs. at 4.)

28     7.  On March 9, 2006, Petitioner appeared before a Senior Hearing Officer for his

Ans. to OSC; Mem. of P. & A.                                                                                               *Sands v. Evans*
                                                                                                                                                 C07-4466 CRB

disciplinary hearing. Petitioner stated that although he would not plead guilty to "the specific charge," he would plead guilty to "battery but not with a weapon or with SBI [serious bodily injury]." At the conclusion of the hearing, the Senior Hearing Officer found Petitioner guilty of battery on an inmate with a weapon and serious bodily injury based on a preponderance of the evidence, including: Officer Mora's report in the Rules Violation Report; Officer Mora's report in the Crime/Incident Report; Sergeant Brennan's report in the Crime/Incident Report; the surveillance videotape and yard schematics, which placed Petitioner in the location of the incident; Petitioner's partial admission of guilt during the disciplinary hearing; the February 8, 2006 Abstract of Judgment from the San Joaquin County Superior Court, which reflected that Petitioner had pled guilty to the criminal charge of assault by an inmate in connection with the October 2005 incident; and a medical report indicating that Leimweber sustained injuries "consistent with being the victim of a battery with a weapon"—two punctures wounds to the back and two slash marks to the back. Based on the finding of guilt, the Senior Hearing Officer assessed Petitioner a 360-day credit forfeiture and referred him to a classification committee for a possible Security Housing Unit (SHU) term. (Ex. 4 at 4-7.)

8. On March 26, 2006, Petitioner filed an administrative grievance challenging the disciplinary disposition, which was later denied at all levels of review. The Second Level review response denied Petitioner's grievance on the ground that "the preponderance of evidence relied upon by the SHO [Senior Hearing Officer] substantiates the charge." (Petn., exs. at 15.) Similarly, the Director's Level review response denied Petitioner's grievance on the ground that the Senior Hearing Officer's determination was reasonably based on a preponderance of the evidence. (*Id.* at 16-17.)

9. Before filing his federal habeas corpus petition, Petitioner sought relief in the state courts. On December 20, 2006, the San Joaquin County Superior Court denied Petitioner's petition for writ of habeas corpus, in which Petitioner raised substantially the same claims as in his federal petition. In denying his petition, the court held that there was "insufficient evidence of any alleged due process violations and the findings on [administrative] appeal are supported by a preponderance of the evidence." (Ex. 6, Cal. Super. Ct. Petn.; Ex. 7, Cal. Super. Ct. Order.)

10. On May 1, 2007, the California Court of Appeal summarily denied Petitioner's petition for writ of habeas corpus in which Petitioner raised substantially the same claims as in his federal petition. (Ex. 8, Cal. Ct. App. Petn.; Ex. 9, Cal. Ct. App. Order.)

11. On June 13, 2007, the California Supreme Court summarily denied Petitioner's petition for writ of habeas corpus in which Petitioner raised substantially the same claims as in his federal petition. (Ex. 10, Cal. Sup. Ct. Petn.; Ex. 11, Cal. Sup. Ct. Order.) Hence, Respondent admits that Petitioner has exhausted his state court remedies.

12. Respondent denies that Petitioner has shown that the state court's denial of habeas corpus was contrary to, or involved an unreasonable application of, clearly established Supreme Court law, or that the denial was based on an unreasonable determination of facts in light of the evidence presented. Petitioner therefore fails to make a case for relief under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

13. Respondent denies that Petitioner's due process rights were violated at his March 2006 disciplinary hearing. Respondent affirmatively alleges that Petitioner received all process due, including written notice of the charges, a brief period of time after the notice to prepare for the hearing, a written statement by the fact-finders as to the evidence relied on and reasons for the disciplinary action, and an opportunity to present evidence in his defense. *Wolff v. McDonnell*, 481 U.S. 539, 564-70 (1974). Respondent further affirmatively alleges that the disciplinary finding was supported by some evidence with an indicia of reliability. *Superintendent v. Hill*, 472 U.S. 445, 454 (1985); *Cato v. Rushen*, 824 F.2d 704-05 (9th Cir. 1987).

14. Respondent admits that Petitioner's claim is timely under 28 U.S.C. § 2233(d)(1), and that the petition is not barred by the non-retroactivity doctrine.

15. Respondent denies that an evidentiary hearing is necessary in this matter.

16. Respondent affirmatively alleges that Petitioner fails to state or establish any grounds for habeas corpus relief.

17. Except as expressly admitted above, Respondent denies, generally and specifically, each and every allegation of the petition, and specifically denies that Petitioner's administrative, statutory, or constitutional rights have been violated in any way.

Ans. to OSC; Mem. of P. & A.                                                                                                       *Sands v. Evans*
                                                                                                                                                C07-4466 CRB

Accordingly, Respondent respectfully requests that the petition for writ of habeas corpus be denied.

## MEMORANDUM OF POINTS AND AUTHORITIES

## ARGUMENT

### THE STATE COURT DECISION DENYING HABEAS RELIEF WAS NOT CONTRARY TO OR AN UNREASONABLE APPLICATION OF CLEARLY ESTABLISHED FEDERAL LAW, NOR WAS IT BASED ON AN UNREASONABLE DETERMINATION OF THE FACTS.

Under AEDPA, when a state inmate's claim has been adjudicated on the merits in state court, a federal court may grant a writ of habeas corpus on the same claim only if the state court's adjudication was either (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(1-2). A state court decision is contrary to clearly established federal law if "the state court applies a rule that contradicts the governing law set forth in [United States Supreme Court] cases," or "the state court confronts a set of facts that are materially indistinguishable from a decision of [the United States Supreme] Court and nevertheless arrives at a result different from [the Court's] precedent." *Lockyer v. Andrade*, 583 U.S. 63, 73 (citations and internal quotation marks omitted). A state court decision is an unreasonable application of clearly established law "if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decision but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 75. It is not enough that the state court applies the law erroneously or incorrectly; rather, the application must be objectively unreasonable. *Id.* at 75-76.

When, as here, the California Supreme Court denies a petition for habeas corpus without comment, the federal court will look to the last reasoned decision as the basis for the state court's judgment. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991). In this case, the last reasoned decision is the San Joaquin Superior Court's December 20, 2006 order, which found that there was "insufficient evidence of any alleged due process violations and the findings on [administrative] appeal are supported by a preponderance of the evidence." (Ex. 7.)

1    In challenging the disciplinary decision, Petitioner does not dispute that he received all
2 procedural process due under *Wolff*. Rather, as addressed by the Supreme Court in *Hill*,
3 Petitioner solely challenges whether there was sufficient evidence to support the Senior Hearing
4 Officer's determination that Petitioner used a weapon when assaulting inmate Leimweber. As
5 previously referenced (*see* Answer), while Petitioner admits he assaulted Leimweber, he alleges
6 that the circumstantial evidence relied on by the Senior Hearing Officer was insufficient to
7 support a finding that he used a weapon. But as set forth below, the state court's decision
8 denying Petitioner's claim was neither contrary to or an unreasonable application of Supreme
9 Court law, nor was it based on an unreasonable determination of the facts in light of the evidence
10 presented.

11    To reasonably apply Supreme Court law, as required under AEDPA, the state court was
12 required to consider whether the disciplinary disposition was supported by at least some
13 evidence. *Hill*, 472 U.S. at 455-56. Here, the state court found that the Senior Hearing Officer
14 properly determined that a preponderance of the evidence supported the disciplinary decision
15 finding Petitioner guilty of assault with a weapon with serious bodily injury. (Ex. 7.) As a result,
16 the state court did not merely find that the disciplinary decision satisfied the some-evidence
17 standard, but rather that it was sufficient to meet the higher preponderance standard. As a result,
18 Petitioner cannot demonstrate that the state court unreasonably applied *Hill* in denying his claim.

19    In addition, the state court's decision was also based on a reasonable determination of the
20 facts under the some-evidence standard. The state court's application of the some-evidence
21 standard "d[id] not require examination of the entire record, independent assessment of the
22 credibility of witnesses, or weighing of the evidence;" rather, it required only a finding that there
23 was a "modicum of evidence" to support the conclusion reached by the hearing official. *Hill*,
24 472 U.S. at 455-56. Here, the state court upheld the disciplinary disposition after finding that
25 Petitioner's administrative grievance response properly reflected that the disciplinary action was
26 supported by the preponderance of the evidence. (Ex. 7 at 2.) Specifically, the state court cited
27 the following evidence from the administrative appeal: "Petitioner admitted to the battery but
28 denied use of the weapon; the injuries to the victim were (2) puncture and (2) slashing wounds to

Ans. to OSC; Mem. of P. & A.                                                    *Sands v. Evans*
                                                                                C07-4466 CRB

7

the back; the video tape was reviewed again and revealed Petitioner strike [the] victim in the back with a stabbing motion and then throw an object to the ground; the object retrieved was a stabbing instrument; and Petitioner had accepted a plea on criminal charges of [Penal Code] 4501, assault by prisoner." (*Id.* at 1.)

The state court's finding that there was sufficient evidence to uphold the disciplinary action was a reasonable determination of the facts given that both the administrative appeal responses referenced by the state court (Petn. at 15-17) and the Senior Hearing Officer's finding at the disciplinary hearing that Petitioner assaulted the victim with a weapon (ex. 4 at 5-6) were based on multiple sources of evidence, easily surpassing the minimally stringent some-evidence standard. As the Senior Hearing Officer determined, this evidence reflected that: (1) Officer Mora observed Petitioner make a striking motion to the victim's back and subsequently throw an object down on the ground; (2) Sergeant Brennan's and Officer Mora's review of the videotape likewise reflected that Petitioner had struck the victim with a "stabbing motion" and then Petitioner had thrown an object on the ground; (3) the videotape and yard schematics identified Petitioner as being at the location of the incident; (4) Petitioner partially admitted his guilt at the disciplinary hearing in acknowledging he had assaulted the victim even though Petitioner also claimed he did not use a weapon; (5) Petitioner pled guilty to the crime of battery on another inmate "with a deadly weapon or instrument, or by any means of force likely to produce great bodily injury" (Pen. Code, § 4501); and (6) a medical report indicating that the victim sustained two puncture wounds to the back and two slashing wounds to the back. (Ex. 4 at 5-6.)

Further, while Petitioner alleges that this evidence does not conclusively demonstrate he assaulted the victim with a weapon, a definitive showing is not required. *Hill*, 472 U.S. at 455-57. For instance, in *Hill* the Supreme Court upheld the disciplinary action under the some-evidence standard based solely on the hearing officer's consideration of "testimony from the prison guard and copies of his written report." *Hill*, 472 U.S. at 456. Here, the Senior Hearing Officer relied on several items of evidence in addition to the reporting officer's statements. (Ex. 4 at 5-6.) Accordingly, Petitioner cannot meet his burden under AEDPA of proving that the state court unreasonably determined that there was sufficient evidence to support the Senior Hearing

Ans. to OSC; Mem. of P. & A.                                                                                      *Sands v. Evans*
                                                                                                                  C07-4466 CRB

1  Officer's decision.

## CONCLUSION

Petitioner cannot prove that the state court decision denying him habeas relief was contrary to, or an unreasonable application of, clearly established federal law, or that the decisions involved an unreasonable interpretation of the facts. The state court properly applied the *Hill* some-evidence standard, reasonably determining that the disciplinary disposition was validly supported by sufficient evidence from multiple sources indicating that petitioner assaulted the victim with a weapon. Accordingly, the Petition should be denied on the ground that Petitioner has not shown under AEDPA that the state court's decision was based on an unreasonable application of clearly established Supreme Court law or an unreasonable determination of the facts in light of the evidence presented at Petitioner's disciplinary hearing.

Dated: March 10, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

ANYA M. BINSACCA
Supervising Deputy Attorney General

SCOTT C. MATHER
Deputy Attorney General
Attorneys for Respondent

40221856.wpd
SF2008400401

Ans. to OSC; Mem. of P. & A.

*Sands v. Evans*
C07-4466 CRB

# DECLARATION OF SERVICE BY U.S. MAIL

Case Name:  **Sands v. Evans**

No.:  **C07-4466 CRB**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **March 11, 2008**, I served the attached

### ANSWER TO ORDER TO SHOW CAUSE; MEMORANDUM OF POINTS AND AUTHORITIES

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Aric R. Sands, K-91492**
**Salinas Valley State Prison**
**P.O. Box 1050**
**Soledad, CA 93960**
in pro per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **March 11, 2008**, at San Francisco, California.

|  J. Palomino  |  _/s/ J. Palomino_  |
| :---: | :---: |
|  Declarant  |  Signature  |

40227562.wpd