# EXHIBIT 6

Name *Aric Sands*

Address *P.O. Box 3481  4B-2R #032*

*Corcoran, CA.*

*93212-3481*

CDC or ID Number *K-91492*

MC-275

FILED

SUPERIOR COURT-STOCKTON

06 NOV -8 AM 9: 47

ROSA JUNQUEIRO, CLERK

DEPUTY

*San Joaquin County*
*Superior Court*

(Court)

| | |
|---|---|
| *Aric Sands*<br>Petitioner<br>vs.<br>*Scribner, Brooks*<br>Respondent | PETITION FOR WRIT OF HABEAS CORPUS<br><br>No. *SF98374A*<br>*(To be supplied by the Clerk of the Court)* |

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California under rule 60 of the California Rules of Court and Court of ... amended effective January 1, 2005, to change the number of copies to be furnished the Supreme Court and Court of Appeal. CAPTION: SEAL MUST BE IN PURPLE.

THE ANNEXED INSTRUMENT IS A CORRECT COPY
OF THE ORIGINAL ON FILE IN THIS OFFICE
ATTEST
FEB 1 4 2008
JEANNE MILLSAPS
in and for the County of
San Joaquin, State of California

By _____ Deputy

Form Approved by the Judicial Council of California<br>MC-275 [Rev. July 1, 2005]

PETITION FOR WRIT OF HABEAS CORPUS

Page one of six

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 60(a)

American LegalNet, Inc.
www.USCourtForms.com

**This petition concerns:**

- [ ] A conviction
- [ ] A sentence
- [ ] Jail or prison conditions
- [ ] Other (specify): _____
- [ ] Parole
- [x] Credits
- [x] Prison discipline

1. Your name: *Aric Sands*

2. Where are you incarcerated? *Corcoran State Prison*

3. Why are you in custody? [x] Criminal Conviction  [ ] Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

*C.D.C. Disciplinary Offence*

b. Penal or other code sections: *(Division) A-1 offence Battery w/wepon on inmate*

c. Name and location of sentencing or committing court: *Deuel Vocational Institution (D.V.I.) 23500 Kasson RD, P.O. Box 400, Tracy, CA. 95378*

d. Case number: *(115 write up) 06-10-04-ASU*

e. Date convicted or committed: *March 9th 2006*

f. Date sentenced: *March 9th 2006*

g. Length of sentence: *360 days Forfeiture of credit*

h. When do you expect to be released? _____

i. Were you represented by counsel in the trial court? [ ] Yes. [x] No. If yes, state the attorney's name and address:

_____

_____

4. What was the LAST plea you entered? *(check one)*

[x] Not guilty  [ ] Guilty  [ ] Nolo Contendere  [ ] Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

[ ] Jury  [x] Judge without a jury  [ ] Submitted on transcript  [ ] Awaiting trial

6. GROUNDS FOR RELIEF

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(if you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

① Lack of evidence to constitute A finding of guilt on a charge of an "A-1" offence was based on "Some evidence" and otherwise violates Due process.

② To not be Aloud witness/statement at a disciplinary →

SEE Ground ② NEXT page continued.

a. Supporting facts:
Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: who did exactly what to violate your rights at what time *(when)* or place *(where)*. (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)

I filed A Greivence (602) to the 3rd and highest level (Exhibit M pg 5-20) that I was denied witnesses and/or their statements, and that a video Tape should be viewed. The 602 was granted in part, dispite that nothing occured so the evidence was excluded and it was exclupiatory in nature in that the video and witness would of proved my innocence of having anything to do with A weapon, that would support a finding of guilt of A "A-1" offence. (the whole yard was a witness) none were called to my defence, (the video showed the entire incident) in which a weapon and me were together, not A part of. Because no investigation occured, none of my questions were Asked. The video (continued)

b. Supporting cases, rules, or other authority (optional):
*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

Wolf v. McDonnel (1974) 418 U.S. 539 — Due Process
In Re Harris (1961) 56 Cal 2d 879 (16 Cal. Rptr. 889) — exclusion of evidence violates Due Process
(D.O.M.) Department operation Manual 54100.18.2 (4): Has A Right to have all witnesses present to present adequate defence...

7. **Ground 2 or Ground ____** (if applicable): *Continued from previous page item (6)*

hearing, denies Due Process where evidence
is excluded (see section b. for cases)

a. Supporting facts:

would ~~xxx~~ be supportive of a finding of innocents of an
"A-1" offence. This matter was also refered to the
D.A. In court I plead to a Lesser charge
of assault with no weapon or S.B.I. which the
Evidence proved.

    Petitioner is without remedy save by ~~xxx~~ Writ of
Habeas Corpus. Wherefor, petitioner prays the
Court:

    1) Issue a Writ of Habeas Corpus.
    2) Declare rights to the Parties.
    3) Order to Show Cause so that Evidence may
be presented.
    4) Issue a Evidentary Hearing.
    5) Dismiss or Lower charge, Reduce punishment
and/or order a Rehearing.
    6) Appoint Counsel and resonable Fees (Indigent)
    7) Grant any other further relief the Court
deems proper.    Thank you!

b. Supporting cases, rules, or other authority:

Penal code 2932 (a)(3)
California Code of Regulations Title 15. 3315(E)
Preiser V. Rodrigues (1973) 411 us 475 [93 S ct I827
36 Led 2d 439
(Bogovich V. Sandoval 9th cir 1999) 189 F.3d 999)

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region     Log No.     Category

1. _____ (DVI)     1. 04-00850     (1)

2. _____     2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME: Aric Sands     NUMBER: K-91492     ASSIGNMENT: _____     UNIT/ROOM NUMBER: K-316

A. Describe Problem: This is appealing (R.V.R.) Log no. 05-10-04-ASU for wrongfully charging me with an "A-1" offence of (battery on an inmate w/weapon w/ SBI). This charge should be changed to a division "D" (battery w/out SBI) or more appropriate offense according to evidence. Due to weapon being found on yard, does not prove I had a weapon, used a weapon or drew a weapon. Also the video will show/prove my innocence. As well as not allowing me to present an adequate defence for all proceedings under (D.O.M.) 54100.18.2 (4) for inmates rights to present defence etc.
(see attached)

If you need more space, attach one additional sheet.

B. Action Requested: for video to be viewed by a non-bisias party to prove my innocence of said charge, the proper charge be given along with proper time taken/proper points added and all corrections forwarded for proper S.H.U. accessment. Thank you for the above matter!

Inmate/Parolee Signature: Aric Sands     Date Submitted: 3-26-06

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

**BYPASS**

RECEIVED
MAY -8 2006
INMATE APPEALS BRANCH

Staff Signature: _____     Date Returned to Inmate: _____

D. FORMAL LEVEL

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

**BYPASS**

Signature: _____     Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

RECEIVED
APR 0 6 2006
DVI APPEALS OFFICE

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

BYPASS

_____

Staff Signature: _____    Title: _____    Date Completed: _____

Division Head Approved: _____    Returned

Signature: _____    Title: _____    Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

BYPASS

Signature: _____    Date Submitted: _____

Second Level    ☐ Granted    ☒ P. Granted    ☐ Denied    ☐ Other _____
4-6-06    Due Date: 5-18-06

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 4-6-06    Due Date: 5-18-06
☒ See Attached Letter.
4.25.06
Signature: R. Russell    Date Completed: 4.26.06
Warden/Superintendent Signature: Bruno _____    Date Returned to Inmate: 4.26.06

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

FACTUAL INFORMATION WAS neglected, Due to the BIAS perception of what took place. The video clearly shows I did not use A weapon, however It has been overlooked. My Due process rights were violated as I was not provided adequate defence or assistance by assigned I.E (see response "Appeal Decision" R. Russell) Consequent, my hearing was handled improperly and my due process rights were violated by wanton actions.

Signature: _____    Date Submitted: 5-3-06

For the Director's Review, submit all documents to:    Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other _____
☒ See Attached Letter
Date: JUL 2 0 2006

CDC 602 (12/87)

my rights in (C.C.R. Title 15), further states I'm "Due An Investigative Employee", under 3315(d)(1)(A) 2. as well as 3318(a)(1), (B), (C), & (D) and further states what their job is for the "115" hearing officer, "To gather statements from witnesses." "The housing status, makes it unlikely the charged inmate can collect and present the evidence, etc., etc." I was given an (I.E.), % M. Garcia, who did question me, but gave back her report with none of my requests for witnesses/questions to witnesses, or my full statement. I did request witnesses, "(All inmates on the yard including the victim)", as well as with the specific question (but not limited to), "Did I have or use a weapon." When % Garcia returned her report to me & I viewed it, many attempts were made to summons her back, before the (R.V.R.) hearing, to notify her of the mistakes to correct and those attempts were ignored. A clear violation of my "Due Process Rights." R.V.R hearing commenced and all of the above was clearly spoken on and witnesses, were still not acknowledged, alowed or questioned. Lt. Thomas and Sgt. Berry were present for the hearing and prior to the hearing, viewed the video of the incident a "few times" and commented that they were going to find me "not guilty" of the weapon charge, due to NO evidence to the fact. I continued with pointing out under (C.C.R. Title 15) section 3000 pg. 12 under definitions for "S.B.I." that proves there was no S.B.I. in this incident and no medical problems occured. which supports the fact that I used no weapon. The S.B.I. was dropped. I was then told that I was being found guilty due to the fact I took a plea deal in court. The deal in court was for a lesser charge of a simple assault. the "abstract of judgement", was the supporting document with a P.C. 4501 with the specific charge of "Assault by prisoner." Also it states not to write stricken enhancements which were the weapon and S.B.I. Although the P.C. 4501 is Assault w/weapon, the deal I plead to was w/out a weapon and I'm currently

waiting on supporting documents to prove that.
None the less the video evidence shows the
entire incident and proves I did not use A
weapon.

The final 115 copy was given to me and
part "C" on pg. 2 ~~or 3~~, under "findings",
Documents relied upon, #2, & 3, say that c/o
Mora & Sgt. Brennan, viewed video & states
that I used A weapon and threw one down.
But yet the SHO & Sgt. seen the oppisite
And said so. ~~It was the~~

I was also told that only 181 days
were being taken from me and the final copy
came back with 360 days assessed. The
medical report was also insufficant with
weapons being used with no S.B.I.

Thank you for your time in the above
said matter. I hope all corrections can
be made in a timely Fashion

K-316        Aric Sands K-91492

3-26-06      [signature]

The supporting Documents from the San
Joaquin county Public Defender are in tact
and have been added and enclosed with
this.

DEUEL VOCATIONAL INSTITUTION
Tracy, California

SUPPLEMENTAL PAGE

**TO:**   Inmate Sands
K-91492

**RE:**   Appeal Log No.:    DVI-X-06-00850
Second Level Response

**APPEAL DECISION:** Partially Granted.

**INMATE INTERVIEWED:** Interviewed by Correctional Counselor II R. Russell.

**APPEAL ISSUE: Disciplinary**

**DESCRIPTION OF PROBLEM:** You were charged with violating California Code of Regulations (CCR) Section 3005(c) for the specific act of Battery on an Inmate with a Weapon with Serious Bodily Injury and found guilty of an included charge for Battery on an Inmate with a Weapon. You allege that your due process rights were violated as the Investigative Employee (IE) failed to interview requested witnesses. You also allege that the Senior Hearing Officer (SHO) failed to address your requested witnesses at your hearing. You claim that the SHO assessed 181 days forfeiture of credit (FOC). However, your final disciplinary copy reflects 360 days FOC. You admit to committing battery, however, without a weapon.

**APPEAL RESPONSE:** Correctional Counselor II R. Russell has reviewed the issues in your appeal, which included examination of your submitted documents. Through your submission of this appeal you are requesting:

1)   "for video to be viewed by a non-bisias party to prove my innocence of said charge, the proper charge be given along with proper time taken/proper points added and all corrections forwarded for proper S.H.U. accessment."

Your request is partially granted. Your request to have the videotaped evidence reviewed is granted. Your request to have the finding, disposition, and penalties modified is denied. A review of Rules Violation Report (RVR) Log #05-10-04-ASU revealed that all due process and procedural requirements were met. Both the IE and SHO informed the Appeals Coordinator that you did not request the presence of witnesses at your hearing. Although the IE did not adequately perform her task, it does not appear that such an investigation would have assisted you or the SHO. The videotaped evidence was reviewed. The evidence relied upon by the SHO clearly shows your participation in the crime, which resulted in injuries consistent with the use of a weapon. You were observed throwing an item from your hand during the commission of the crime and two weapons were later discovered in the crime scene. The preponderance of evidence relied upon by the SHO substantiates the charge. You were appropriately charged, found guilty of an included charge without serious bodily injury, and assessed 360 days FOC. The SHO denies assessing 181 days FOC. You have failed to provide any additional information or evidence to warrant a modification to the finding.

Your appeal is Partially Granted at the second level. If you are dissatisfied with this decision, you may appeal to the Director's Level, using Section "H" of your CDC Form 602.

B. K. LUETH
Chief Deputy Warden

4-25-06
Date

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA  94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date:    JUL 2 0 2006

In re:    Sands, K-91492
California State Prison, Corcoran
P.O. Box 8800
Corcoran, CA   93212-8800

IAB Case No.: 0512692          Local Log No.: DVI 06-00850

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner J. Pearson, Facility Captain.  All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:**  The appellant is submitting this appeal relative to CDC Form 115, Rules Violation Report (RVR), Log #05-10-04-ASU, dated October 2, 2005, for Battery on an Inmate with a Weapon and Serious Bodily Injury.  It is the appellant's position that the evidence presented does not support that he used a weapon or inflicted serious bodily injury.  The appellant is requesting to have the charges reduced to Battery without Serious Bodily Injury.

**II    SECOND LEVEL'S DECISION:**  The reviewer found that the appellant admits to the assault but he denies use of a weapon.  The videotaped evidence was reviewed and it clearly shows the appellant's participation in the crime which resulted in injuries consistent with the use of a weapon.  The Senior Hearing Officer (SHO) found the appellant guilty of Battery with a Weapon (without serious injury).  The appellant was observed throwing an item from his hand during the commission of the crime and two weapons were later discovered in the crime scene.  Although the Investigative Employee (IE) did not adequately perform her task, it does not appear that such an investigation would have assisted the appellant or the SHO.  The appellant was appropriately assessed 360 days loss of credit.

**III    DIRECTOR'S LEVEL DECISION:**  Appeal is denied.

    **A.  FINDINGS:**  The Second Level of Review states that the IE did not adequately perform her tasks but that the action did not cause injury to the appellant nor the SHO.  The appeals examiner does not concur that the IE did not adequately perform her tasks.  The IE was assigned and she recorded the appellant's statement and the Reporting Employee's statements.  The appellant appeared for his disciplinary hearing and stated that he committed the battery but he denied the use of a weapon or inflicting serious injury.  The appellant did not object to the IE report at his hearing nor did he demonstrate that it was inadequate.  The appellant did not request witnesses.  The appellant accepted a plea from the San Joaquin Superior Court for assault by a prisoner.  The SHO considered all available evidence and determined that a preponderance of evidence existed to find the appellant guilty of use of a weapon.  During the review of the surveillance tapes of the incident, Correctional Sergeant Brennan observed the appellant strike Inmate Leimweber in the back with a stabbing motion and he observed on the videotape the appellant throwing an object to the ground.  The SHO's determination that a preponderance of evidence supports the finding that the appellant committed an assault with a weapon without injury is reasonable.  No good cause has been established to warrant a reduction of the RVR.

    **B.  BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section: 3005, 3315, 3320, 3323

    **C.  ORDER:**  No changes or modifications are required by the institution.

SANDS, K-91492
CASE NO. 0512692
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, COR
        Appeals Coordinator, COR
        Appeals Coordinator, DVI

ABSTRACT OF JUDGMENT – PRISON COMMITMENT – DETERMINATE
SINGLE, CONCURRENT, OR FULL-TERM CONSECUTIVE COUNT FORM
*[Not to be used for multiple count convictions or for 1/3 consecutive sentences]*

CR-290.1

SUPERIOR COURT OF CALIFORNIA, COUNTY OF: **SAN JOAQUIN, STOCKTON**

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA vs.<br>DEFENDANT: **ARIC SANDS**<br>AKA:<br>CII#:<br>BOOKING #: **0601475**     ☐ NOT PRESENT<br>DOB: **12-18-77** | CASE NUMBER<br>**SF098374A** |
| COMMITMENT TO STATE PRISON<br>ABSTRACT OF JUDGMENT     ☐ AMENDED ABSTRACT | Filed FEB - 8 2006<br>ROSA JUNQUEIRO, CLERK<br>By _____ DEPUTY |

| DATE OF HEARING<br>**02-01-06** | DEPT. NO.<br>**16** | JUDGE<br>**MICHAEL N. GARRIGAN** |
|---|---|---|
| CLERK<br>**GLADYS VARELA** | REPORTER<br>**ROSE ANN LOW** | PROBATION NO. OR PROBATION OFFICER<br>**WAIVED** |
| COUNSEL FOR PEOPLE<br>**S. PORTER, DDA** | | COUNSEL FOR DEFENDANT<br>**M. TURNER, DPD**    ☒ APPTD. |

1. Defendant was convicted of the commission of the following felony:

| CNT. | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (MO./DATE/YEAR) | CONVICTED BY JURY | COURT | PLEA | TERM (L, M, U) | TIME IMPOSED YRS. | MOS. |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PC | 4501 | ASSLT BY PRISONER <<< | 2005 | 02-01-06 | | | X | L | 2 | 0 |

2. ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022 series). List each count enhancement horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST ANY STRICKEN ENHANCEMENT(S) <<<

| CNT. | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

3. ENHANCEMENTS charged and found to be true FOR PRIOR CONVICTIONS OR PRISON TERMS (mainly in the PC 667 series). List all enhancements horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST ANY STRICKEN ENHANCEMENT(S).

| ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

4. ☐ Defendant was sentenced pursuant to PC 667 (b)-(i) or PC 1170.12 (two-strikes).

5. FINANCIAL OBLIGATIONS (including any applicable penalty assessments):

   Restitution Fine(s): $**200.00** per PC 1202.4(b) forthwith per PC 2085.5; $**200.00** per PC 1202.45 suspended unless parole is revoked.

   Restitution per PC 1202.4(f): ☐ $_____ / ☐ Amount to be determined   to ☐ victim(s)*    ☐ Restitution Fund
      (*List victim name(s) if known and amount breakdown in item 7 below.)

   Fine(s): $_____ per PC 1202.5. $_____ per VC 23550 or _____ days ☐ county jail ☐ prison in lieu of fine ☐ CC ☐ CS

   Lab Fee: $_____ per HS 11372.5(a) for counts _____. ☐ Drug Program Fee of $150 per HS 11372.7(a).

6. TESTING: a. ☐ AIDS pursuant to PC 1202.1    b. ☐ DNA pursuant to PC 296    c. ☐ other *(specify):*

7. Other orders *(specify):* - PLUS $20.00 ADMIN. SURCHARGE FOR REST. FINE.
   - CASE TO BE SERVED CONSECUTIVE TO ALL OTHER SENTENCES.
   - PLUS CREDITS FROM DATE OF ENTRY TO STATE PRISON. CDC TO CONFIRM AND APPLY APPROPRIATE CREDITS.

| 8. TOTAL TIME IMPOSED EXCLUDING COUNTY JAIL TERM: | 2 | 0 |
|---|---|---|

9. ☐ This sentence is to run concurrent with *(specify):*

10. Execution of sentence imposed
   a. ☒ at initial sentencing hearing.    d. ☐ at resentencing per recall of commitment. (PC 1170(d).)
   b. ☐ at resentencing per decision on appeal.    e. ☐ other *(specify):*
   c. ☐ after revocation of probation.

| 11. DATE SENTENCE PRONOUNCED<br>**02-01-06** | CREDIT FOR TIME SPENT IN CUSTODY | TOTAL DAYS:<br>0   INCLUDING: | ACTUAL LOCAL TIME 0 | LOCAL CONDUCT CREDITS 0 | ☐ 4019<br>☐ 2933.1 | TIME SERVED IN STATE INSTITUTION: | DMH | CDC | CRC |
|---|---|---|---|---|---|---|---|---|---|

12. The defendant is remanded to the custody of the sheriff ☒ forthwith   ☐ after 48 hours excluding Saturdays, Sundays, and holidays.
   To be delivered to   ☒ the reception center designated by the director of the California Department of Corrections.
       ☐ other *(specify):*

CLERK OF THE COURT: I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE<br>A. Perez | DATE<br>**02-08-06** |
|---|---|

This form is prescribed under PC 1213.5 to satisfy the requirements of PC 1213 for determinate sentences. Attachments may be used but must be referred to in this document.

Form Adopted for Mandatory Use
Judicial Council of California
CR –290.1 (Rev. January 1, 2003)

ABSTRACT OF JUDGMENT – PRISON COMMITMENT – DETERMINATE
SINGLE, CONCURRENT, OR FULL-TERM CONSECUTIVE COUNT FORM

Penal Code
§§ 1170, 1213, 1213.5



# SAN JOAQUIN COUNTY PUBLIC DEFENDER

102 S. SAN JOAQUIN STREET, ROOM I
POST OFFICE BOX 201030
STOCKTON, CALIFORNIA 95201-9030

TELEPHONE: (209) 468-2730
FAX:         (209) 468-2267

**JAMES L. LARSEN**
Public Defender

**PETER FOX**
Assistant Public Defender

March 31, 2006

Aric Sands, K-91492
DVI
P.O. Box 600    K-316
Tracy, CA 95378

Dear Mr. Sands,

      I received your letter of 3-10-06.  I have enclosed a copy
of the abstract listing the charge as assault by a prisoner.  As
you might recall, we discussed 4501 and I gave you a copy.
(Enclosed is another copy.)  4501 is assault by a prisoner which
is either with a "weapon" or "likely to do great bodily injury."
The record of your plea was also clear that it was an assault
only and no weapon was mentioned.  The word weapon was stricken
from the complaint prior to your plea.  If you have any other
questions, let me know.


Michelle Turner
Deputy Public Defender

13 of 20

STATE OF CALIFORNIA
# RULES VIOLATION REPORT
DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| K-91492 | SANDS | | JAN 2012 | DVI | K-339 | 05-10-04-ASU |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | TIME |
|---|---|---|---|
| 3005 (c) | BATTERY ON AN INMATE WITH A WEAPON W/ SBI | K-SOUTH YARD | 10-02-05 |

CIRCUMSTANCES

On Sunday, October 02, 2005, at approximately 1100 hours, while performing my duties as Tower 10 Officer, I observed two Inmates attacking another inmate by striking him about the head and upper body area with their fists and feet. The attacking inmates were later identified as Inmate SANDS, K-91492, K-339, and Inmate Ketcherside, T-54160, K-337. The victim was identified later as Inmate Leimweber, T-58130, K-105. I ordered them to, "Stop fighting and get down" twice, they did not comply. I then activated the K-yard alarm. I yelled once more, "Stop fighting and get down". They did not comply. Utilizing the assigned tower ten (10) 40mm launcher serial #D-22880, I fired one (1) exact impact round at Inmate Ketcherside, zone one area (legs). I did not observe an impact. I reloaded with another exact impact round, and at that point they all complied by lying in the prone position along with the rest of the yard. Responding staff arrived on the scene. All three were recalled of the yard and taken out of the area without incident. **[CONTINUATION OF CDC 115, PAGE 2]**

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| R. MORA, Correctional Officer | 10/6/05 | K-Wing - ASU, 2nd Watch | |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| | 10-7-05 | DATE | LOC. K |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☑ SERIOUS | A-1 | 10/4/05 | H, HUGHES | ☐ HO ☑ SHO ☐ SC ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| ☑ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | | 10/11/05 | 1030 | received copies (17) photographs |

| ☐ INCIDENT REPORT LOG NUMBER: ASU-05-10-0282 | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| | | 1-2005 | 0930 | | 3/2/06 | 1330 |

HEARING

DA Accept
1/2005  0830

Abstract of Judgement
2-7-806  1200

SEE PART C

viewed (2) evidence videos
3/2/06  1330

viewed (17) evidence photos
3/2/06  1330

| REFERRED TO ☒ CLASSIFICATION ☒ BPT/NAEA | | | | | |
|---|---|---|---|---|---|
| ACTION BY: (TYPED NAME) | | SIGNATURE | | DATE | TIME |
| R. THOMAS, Correctional Lieutenant | | | | 3/11/06 | 1645 |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
|---|---|---|---|
| CAPT. | 3/13/06 | | 3-  -06 |

| ☑ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|
| | | 3/16/06 | 1200 |

CDC 115 (7/88)

STATE OF CALIFORNIA

**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTIONS

PAGE____OF____

| CDC NUMBER T-54160 | INMATE'S NAME KETCHERSIDE | LOG NUMBER 05-10-05-ASU | INSTITUTION D.V.I. | TODAY'S DATE 10-02-05 |
|---|---|---|---|---|

| ☐ SUPPLEMENTAL | ☒ CONTINUATION OF: | ☒ 115 CIRCUMSTANCES | ☐ HEARING | ☐ IE REPORT | ☐ OTHER_____ |
|---|---|---|---|---|---|

**[CONTINUATION OF CDC 115, PAGE 2]**

I continued to provide gun coverage while recalling the rest of the yard. The yard was recalled without further incident. I was demanded and reported to K-wing I order to review the K-South yard surveillance tapes. While reviewing the tapes I saw Inmate SANDS and Inmate KETCHERSIDE. attack Inmate Leimweber on the Northwest corner of the yard. I observed Inmate SANDS make a striking motion to Inmate Leimweber back. Inmate Leimweber then began to run to the Southwest corner. Inmate SANDS appeared to throw an object down with his right hand. Inmate SANDS and Inmate KETCHERSIDE ran after Inmate Leimweber. At that time Inmate Howard, T-87783, K-108, walked to the area where Inmate SANDS threw the object, and picked it up from the ground. He then ran to the yard toilet and appeared to attempted to flush something. Inmate SANDS and Inmate KETCHERSIDE continued to attack Inmate Leimweber in the Southwest corner of the yard. I observed Inmate KETCHERSIDE unravel something, pull out an object and make slashing motions to Inmate Leimweber's back and head. After I fired the exact impact round, the inmates separated and lay prone. Once the yard was clear and secured, staff discovered a stabbing weapon in the toilet bowl and a slashing weapon on the catwalk in the area Inmate KETCHERSIDE attacked Inmate Leimweber. The Inmates actions, location, and identities were verified by comparing/combining the videos, the schematic diagram completed by C/O C. Braga and my eyewitness account. I maintained control of the two VHS video tapes and processed them into the DVI evidence chute. Inmate KETCHERSIDE is not a participant in the Mental Health Delivery System. Positive Identification was made by K-Wing picture board. Inmate KETCHERSIDE is aware of this report.

CCCMS

R. MORA, Correctional Officer

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |

☐ COPY OF CDC 115-C GIVEN TO INMATE

CDC 115-C (5/95)

OSP 99 25082

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| K-91492 | SANDS | 3005 (c) | 10-02-05 | DVI | 05-10-04-ASU |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT  ☑ YES  ☐ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ | I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ | |
| ☒ | I REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ | 12-11-05 |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION | | |
|---|---|---|---|
| 11/06 | AC 1 / AOS received 2-14 (RG) | | |

| | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ | I REVOKE my request for postponement. | ▶ | |

## STAFF ASSISTANT

| STAFF ASSISTANT ☐ REQUESTED  ☐ WAIVED BY INMATE | INMATE'S SIGNATURE ▶ | DATE |
|---|---|---|
| ☐ ASSIGNED  DATE | NAME OF STAFF | |
| ☒ NOT ASSIGNED | REASON per 3.4 4 YO | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE ☐ REQUESTED  ☐ WAIVED BY INMATE | INMATE'S SIGNATURE ▶ | DATE |
|---|---|---|
| ☒ ASSIGNED  DATE 3/2 | NAME OF STAFF C/O Garcia | |
| ☐ NOT ASSIGNED | REASON | |

EVIDENCE/INFORMATION REQUESTED BY INMATE:
None

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
☐ REPORTING EMPLOYEE  ☐ STAFF ASSISTANT  ☐ INVESTIGATIVE EMPLOYEE  ☐ OTHER _____  ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| N/A | ☐ | ☐ | N/A | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

On 3-5-06, I was assigned the duties of Investigative Employee for CDC-115, Log # 05-10-04-ASU. I advised Inmate SANDS, K-91492, housed in K-339, of my assignment and that as the Investigative Employee, my role is as fact finder for the Senior Hearing Officer. He stated that he DID NOT have objections to my serving in this capacity.

DEFENDANT'S STATEMENT: On 3-5-06, I interviewed Inmate SANDS, K-91492, regarding the charge and he stated, "The videotape does not show me stabbing Inmate Leimweber. It shows me punching him. There was no SBI. The 7219 shows that there was no SBI." He had no other relevant information to provide in this matter. Inmate SANDS did not request the presence of any witnesses at the hearing. *WRONG*

REPORTING EMPLOYEE: On 3-5-06, I interviewed Correctional R. Mora, regarding the charge and he stated, "I observed inmates Ketcherside and SANDS attacking Inmate Leimweber on the K-South yard. A review of the videotapes assisted in determining weapons were used. Medical examination revealed Inmate Leimweber received "Stab" wounds and "Slice" wounds."

INVESTIGATIVE EMPLOYEES COMMENTS: ~~Inmate SANDS did not request witnesses and had no questions of any staff or inmates.~~ I have no other relevant information to provide in this matter.

*WRONG - I wanted all witness & 1 main question was "did I have a weapon, or use one" 3/1/06 C/O M. Garcia*

Inmate Received Copy On: DATE: TIME:

| | INVESTIGATOR'S SIGNATURE ▶ | | DATE 3/7/06 |
|---|---|---|---|
| ☑ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ | TIME 1036 | DATE 11-11-05 |

CDC 115-A (7/88)  — If additional space is required use supplemental pages —  88 86095

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | |
|---|---|---|---|---|
| K-91492 | SANDS | 05-10-04-ASU | IDVI | |

☐ SUPPLEMENTAL  ☐ CONTINUATION OF ☐ 115 CIRCUMSTANCES  ☑ HEARING  ☐ IE REPORT  ☐ OTHER

## HEARING PREPARATION:
This **hearing** commenced on Thursday, March 9, 2006, at approximately 1825 hours. Inmate SANDS was present and stated he is in **good** health.

## MENTAL HEALTH SERVICES DELIVERY SYSTEM:
According to mental health records inmate SANDS is not a participant in the Mental Health Services Delivery System (MHSDS). The behavior resulting in the RVR **was not** considered bizarre, unusual, or uncharacteristic, therefore **did not** warrant the completion of a CDC 115-MH.

## DUE PROCESS TIME CONSTRAINTS:
Inmate SANDS acknowledged receipt of all non-confidential reports relied upon in this hearing **at least 24 hours prior to this hearing**. Inmate SANDS indicated he is ready and wished to proceed with the hearing.

It is noted that this matter was postponed past the 30 day time constraint's per inmate SANDS' request pending outcome of the felony referral.

On February 14, 2006, criminal proceedings were concluded and the outcome of those proceedings were: a plea of guilt with a term of 2 years consecutive time.

Time constraints **were** met.

## STAFF ASSISTANT:
Inmate SANDS was not assigned a Staff Assistant per CCR 3315(d)(2), as he spoke English, he was not illiterate, the issues were not complex, nor did the inmate require a confidential relationship to prepare a defense. Inmate SANDS was able to read the text of the RVR to this Senior Hearing Officer.

## INVESTIGATIVE EMPLOYEE:
Correctional Officer M. Garcia was assigned as the Investigative Employee per CCR 3315 (d)(1), because inmate SANDS' housing precludes him from gathering evidence for the hearing.

## WITNESSES:
Inmate SANDS **did not** request the presence of witnesses at this hearing.

The Reporting Employee was not requested **and was not present** for this hearing.

| | SIGNATURE OF WRITER | DATE SIGNED |
|---|---|---|
| | R. THOMAS, Correctional Lieutenant | 03/11/06 |
| ☑ COPY OF CDC-115 GIVEN TO INMATE | GIVEN BY STAFF SIGNATURE: | DATE SIGNED 3/16/06 | TIME SIGNED 1300 |

R. T. / capt.

CDC-115-C



STATE OF CALIFORNIA
RULES VIOLATION REPORT – PART C                                     PAGE 2 OF

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| K-91492 | SANDS | # 05-10-04-ASU | DVI | 03/11/08 |

☑ SUPPLEMENTAL ☑ CONTINUATION OF ☐ 115 CIRCUMSTANCES ☑ HEARING ☐ I.E. REPORT ☐ OTHER

## DEFENDANT'S PLEA & STATEMENT:
The charge was read to inmate SANDS, he pled **NOT GUILTY**. Inmate SANDS is charged with "BATTERY ON AN INMATE WITH A WEAPON WITH SBI," a Division "A-1" offense, which is in violation of CCR Section 3005 (c).

Inmate SANDS stated, "I'm not pleading guilty to the specific charge, but I will plead guilty to battery but not with a weapon or with SBI."

Senior Hearing Officer asked inmate SANDS the following questions:
Q: "You took a plea with the courts for P.C. 4501?"
A: "That's what it came back as."
Q: "How did you get blood on your hands?"
A: "From fighting."

## FINDINGS:
Inmate SANDS is found **GUILTY of violating an included charge of** CCR "**3005 (c)**," by the specific act of "**BATTERY ON AN INMATE WITH A WEAPON.**"

**The preponderance of evidence substantiates the charge. The evidence and documents relied upon were:**

1. The contents of the CDC 115 Log # 05-10-04-ASU, written by Officer R. Mora, that indicates he observed inmate SANDS, K-91492, and inmate Ketcherside, T-54160, attacking inmate Leimweber, T-58130 in the head and upper body area. Officer Mora gave two orders to the inmates to stop fighting and get down with negative results. Officer Mora activated the K-Wing alarm and again gave orders to stop fighting and get down and they did not comply. Officer Mora utilized his assigned 40mm launcher and discharged one exact impact round. Officer Mora reloaded his 40mm launcher and the inmates laid down on the ground.

2. The contents of the CDC 837 Log # DVI-ASU-05-10-0282, Part C Staff Report, written by Officer R. Mora that indicates he reviewed the videotape of the incident on the K-Wing South Yard. During the review of the videotape Officer Mora observed inmate SANDS make a striking motion to inmate Leimweber's back. Inmate SANDS then threw an object down on the ground with his right hand.

3. The contents of the CDC 837 Log # DVI-ASU-05-10-0282, Part C Staff Report, written by Sgt. T. Brennan that indicates he and Officer R. Mora reviewed the surveillance tapes of the yard at the time if the incident. During the review Sgt. Brennan observed inmate SANDS strike inmate Leimweber in the back with a stabbing motion. Sgt. Brennan also observed on the videotape inmate SANDS throwing an object on the ground.

| | SIGNATURE OF WRITER | DATE SIGNED |
|---|---|---|
| | R. THOMAS, Correctional Lieutenant | 03/11/06 |
| ☑ COPY OF CDC-115 GIVEN TO INMATE | GIVEN BY STAFF SIGNATURE | DATE SIGNED | TIME SIGNED |
| | | 3-26-26 | 1300 |

R. [illegible] CAPT.

CDC-115-C



| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| K-91492 | SANDS | 06-10-04 ASU | DVI | 03/11/06 |

☐ SUPPLEMENTAL ☑ CONTINUATION OF ☐ 115 CIRCUMSTANCES ☑ HEARING ☐ I.E. REPORT ☐ OTHER

4. Review of the incident videotape and the yard schematic places inmate SANDS in the location of the incident.

5. Inmate SANDS' partial admission of guilt during this hearing.

6. The Abstract of Judgment from the San Joaquin Superior Court dated February 8, 2006 for inmate SANDS that indicates he took a plea for a two year term of P.C. 4501 Battery on an Inmate with a Weapon.

7. The contents of the CDC 7219 Medical Report that indicates inmate Leimweber sustained injuries consistent with being the victim of a battery with a weapon. Those injuries were a two (2) puncture wounds to the back and two (2) slash marks to the back.

## DISPOSITION:

**GUILTY**

Inmate SANDS was assessed 360 days Forfeiture of Credit. Inmate SANDS was counseled and reprimanded.

Inmate SANDS will be referred to Classification Committee for a possible assessment of a **SHU term**.

## ADVISEMENT OF RIGHTS :

Inmate SANDS was advised that he would be issued a final copy of the RVR, after audit by the Chief Disciplinary Officer. Inmate SANDS was advised of his right to and process for appeal of this action. Inmate SANDS was advised that credits forfeited on a Division A-1 offense are not restorable



| | SIGNATURE OF WRITER | DATE SIGNED |
|---|---|---|
| | R. THOMAS, Correctional Lieutenant | 03/11/06 |
| ☐ COPY OF CDC-115 GIVEN TO INMATE | GIVEN BY STAFF SIGNATURE | DATE SIGNED | TIME SIGNED |
| | | 3-16-06 | 1300 |

CDC-115-C

8. Did you appeal from the conviction, sentence, or commitment?  ☐ Yes.  ☐ No.  If yes, give the following information:

   a.  Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

_____

   b.  Result _____  c.  Date of decision: _____

   d.  Case number or citation of opinion, if known: _____

   e.  Issues raised:  (1) _____

              (2) _____

              (3) _____

   f.  Were you represented by counsel on appeal?  ☐ Yes.  ☐ No. If yes, state the attorney's name and address, if known:

_____

9. Did you seek review in the California Supreme Court?  ☐ Yes  ☐ No.  If yes, give the following information:

   a.  Result _____  b.  Date of decision: _____

   c.  Case number or citation of opinion, if known: _____

   d.  Issues raised:  (1) _____

              (2) _____

              (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

_____

_____

11. Administrative Review:

   a.  If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

*Director's Level (3rd Level) Review Log # (06008 50)*

_____

_____

_____

_____

_____

_____

   b.  Did you seek the highest level of administrative review available?  ☒ Yes.  ☐ No.
      *Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court?  ☐ Yes. If yes, continue with number 13.  ☐ No. If no, skip to number 15.

13. a. (1) Name of court: _____

       (2) Nature of proceeding (for example, "habeas corpus petition"): _____

       (3) Issues raised: (a) _____

                (b) _____

       (4) Result (Attach order or explain why unavailable): _____

       (5) Date of decision: _____

   b. (1) Name of court: _____

       (2) Nature of proceeding: _____

       (3) Issues raised: (a) _____

                (b) _____

       (4) Result (Attach order or explain why unavailable): _____

       (5) Date of decision: _____

   c. *For additional prior petitions, applications, or motions, provide the same information on a separate page.*

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

_____

_____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.)

_____

_____

16. Are you presently represented by counsel?  ☐ Yes.  ☒ No. If yes, state the attorney's name and address, if known:

_____

17. Do you have any petition, appeal, or other matter pending in any court?  ☐ Yes.  ☒ No. If yes, explain:

_____

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

_____

_____

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: _____    ► _____
                                    (SIGNATURE OF PETITIONER)

Avric Sands
PoBox 3481
Corcoran Ca
     93212
         V
on Habea the People

Table of Exhibits on Habeas

| LETTER | Exhibit | page |
|--------|---------|------|
| A | 602  Greivance  original plus(2) | 5 |
| B | 602  Soppimental page    X 2 | 6, 7 |
| C | 602  Directors level    X 2 | 9, 10 |
| D | Rules violation Report    X 3 | 13, 14, 15 |
| E | ABstract of Judgement | 11 |
| F | Public Defender menorandum | 12 |
| G | Appeals coodinator Response | 8 |
| H | Rules Violation Report Findings X 3 | 16, 17, 18 |