**EXHIBIT 9**

IN THE
# Court of Appeal of the State of California
IN AND FOR THE
## THIRD APPELLATE DISTRICT

FILED

MAR - 1 2007

COURT OF APPEAL - THIRD DISTRICT
DEENA C. FAWCETT
BY_____ Deputy

In re ARIC SANDS on Habeas Corpus.

C054936
Solano County
No.

BY THE COURT:

The petition for writ of habeas corpus is denied.

Dated: March 1, 2007

BLEASE, Acting P.J.

-------------------------------

cc: See Mailing List

# EXHIBIT 10

MC-275

Name **Aric Sands**
Address **P.O. Box 1050 D-7-221**
**Soledad, CA.**
**93960-1050**
CDC or ID Number **K-91492**

SUPREME COURT
FILED
MAY 08 2007
Frederick K. Ohlrich Clerk
_____
DEPUTY

**California State Supreme Court**
(Court)

| Arie Sands | PETITION FOR WRIT OF HABEAS CORPUS |
|---|---|
| Petitioner | No. **S152476** |
| vs. | (To be supplied by the Clerk of the Court) |
| **Mike Evans; Warden** | *(Evidentary Hearing Requested)* |
| Respondent | |

### INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005]. Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page one of six

Form Approved by the
Judicial Council of California
MC-275 [Rev. July 1, 2005]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 60(a)

American LegalNet, Inc.
www.USCourtForms.com

**This petition concerns:**

☐ A conviction     ☐ Parole
☐ A sentence      ☒ Credits
☐ Jail or prison conditions     ☒ Prison discipline
☐ Other (specify): _____

1. Your name: **Aric Sands**
2. Where are you incarcerated? **Salinas Valley State Prison**
3. Why are you in custody?  ☒ Criminal Conviction  ☐ Civil Commitment

Answer subdivisions a. through i. to the best of your ability.

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

   **C.D.C. Disciplinary Offence**

b. Penal or other code sections: **Division A-1 offence, Battery w/weapon on inmate**
c. Name and location of sentencing or committing court: **Deuel Vocational Institution (D.V.I) 23500 Kasson RD, P.O. Box 400, Tracy, CA. 95378**
d. Case number: **(C.D.C. 115 write up) 06-10-04-ASU**
e. Date convicted or committed: **March 9th 2006**
f. Date sentenced: **March 9th 2006**
g. Length of sentence: **360 days Forfeiture of credits**
h. When do you expect to be released? _____
i. Were you represented by counsel in the trial court?  ☐ Yes  ☒ No. If yes, state the attorney's name and address:

4. What was the LAST plea you entered? (check one)
   ☒ Not guilty  ☐ Guilty  ☐ Nolo Contendere  ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have?
   ☐ Jury  ☒ Judge without a jury  ☐ Submitted on transcript  ☐ Awaiting trial

MC-275 [Rev. July 1, 2005]          PETITION FOR WRIT OF HABEAS CORPUS          Page two of six

6. GROUNDS FOR RELIEF
   Ground 1: State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." (If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)

1. Lack of evidence to constitute a finding of guilt on a charge of an "A-1" offence. Was based on "some evidence", and otherwise violates Due process. 2. To not be allowed witnesses/statements at a disciplinary hearing, denies Due process where (next pg)

a. Supporting facts:
Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. If necessary, attach additional pages. CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See In re Swain (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: who did exactly what to violate your rights at what time (when) or place (where). (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)

I filed a CDC 602 appeal to the third and highest level, that I was denied witnesses and their statements and that a video tape should be viewed. The 602 was granted in part dispite that nothing occured so the evidence was excluded. That evidence was exculpiatory in nature and the video and witnesses would of proved my innocence of having anything to do with a weapon. The whole yard consisted of 10 people who were witnesses and none were called to my defence and the video showed the entire incident, in which a weapon and I together were not a part of. Because no investigation occured, none of my defence questions were asked. The video alone would be supportive of a finding of innocence of an A-1 offence. This matter was also refered to the D.A. In court I pled to a lesser charge of "Assault

b. Supporting cases, rules, or other authority (optional):
(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)

Wolf v. McDonnel (1974) 418 US 539 - Due Process. In Re Harris (1961) 56 Cal 2nd 879 (16 Cal. Rptr. 889) - exclusion of evidence violates Due Process. 6th & 14th Amendments. (D.O.M.) Departments Operation Manul sec. 54100.18.2(4):

7. Ground 2 or Ground _____ (if applicable):

evidence is excluded. (see section b. for cases)
3. Suppression of material exculpatory evidence

a. Supporting facts:

with no weapon or S.B.I.", which the evidence proved.
   The Superior Court denied my Petition and made its decision by siding with the institutional paperwork, where all the actual discrepancy's occured.
   The Court of Appeal denied my Petition as well and gave no reason.
   In both instances, by not making an Order to Show Cause or giving an Evidentary Hearing, the whole truth was not allowed to be seen and corrections were not made.
   Petitioner is without remedy save by Writ of Habeas Corpus. Wherefor, petitioner prays the Court to:
1) Issue a Writ of Habeas Corpus.
2) Declare Rights to the parties.
3) Issue Order to Show Cause so that evidence may be presented.
4) Issue Evidentary Hearing.
5) Dismiss or Lower charge, Reduce punishment or Order a Rehearing.
6) Appoint Counsel for the indigent.
7) Grant any other further relief the Court deems proper.

b. Supporting cases, rules, or other authority:

Has the right to have all witnesses present to present adequate defence. Penal Code 2932 (a)(3). (C.C.R) California Code of Regulations Title 15. sec. 3315 (E). Preiser V. Rodrigues (1973) 411 US. 475 [93 SCt 1827 36 Led 2d 439]. (Bogovich V. Sandoval 9th cir 1999) 189 F.3d 999). In Re Lee (1980) 103 cal. App. 3d 615 [615 Cal. Rptr. 204]

8. Did you appeal from the conviction, sentence, or commitment?  ☐ Yes.  ☐ No.  If yes, give the following information:
   a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"): _____
   b. Result _____  c. Date of decision: _____
   d. Case number or citation of opinion, if known: _____
   e. Issues raised: (1) _____
      (2) _____
      (3) _____
   f. Were you represented by counsel on appeal? ☐ Yes. ☐ No. If yes, state the attorney's name and address, if known: _____

9. Did you seek review in the California Supreme Court? ☐ Yes ☐ No. If yes, give the following information:
   a. Result _____  b. Date of decision: _____
   c. Case number or citation of opinion, if known: _____
   d. Issues raised: (1) _____
      (2) _____
      (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:
    _____

11. Administrative Review:
    a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:
    
    *All administrative remedies have been exhausted to the 3rd and final level, Directors Level Review Log # 06-00850*
    
    b. Did you seek the highest level of administrative review available? ☒ Yes. ☐ No.
       Attach documents that show you have exhausted your administrative remedies.

MC-275 [Rev. July 1, 2005]            PETITION FOR WRIT OF HABEAS CORPUS                    Page five of six

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court? ☐ Yes. If yes, continue with number 13. ☐ No. If no, skip to number 15.

13. a. (1) Name of court: *Case No. #SF 098374A* Superior Court of California, County of San Joaquin.
    (2) Nature of proceeding (for example, "habeas corpus petition"): Habeas Corpus petition *case # SF 098374*
    (3) Issues raised: (a) Violation of Due process based on insufficient evidence.
    (b) Violation of Due process for denial of right to call witnesses.
    (4) Result (Attach order or explain why unavailable): Denied
    (5) Date of decision: Dec. 20th 2006

    b. (1) Name of court: Court of Appeal, Third District case No.# 3 crim. C054936
    (2) Nature of proceeding: Habeas Corpus petition
    (3) Issues raised: (a) Violation of Due process based on insufficient evidence.
    (b) Violation of Due process for denial of rights to call witnesses.
    (4) Result (Attach order or explain why unavailable): Denied
    (5) Date of decision: March 1, 2007

    c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.)

16. Are you presently represented by counsel? ☐ Yes. ☒ No. If yes, state the attorney's name and address, if known:

17. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes. ☒ No. If yes, explain:

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: 4-9-07

(SIGNATURE OF PETITIONER)

MC-275 [Rev. July 1, 2005]    PETITION FOR WRIT OF HABEAS CORPUS    Page six of six

# PROOF OF SERVICE BY MAIL

I, **Aric Sands**, DECLARE:
   Name

I AM OVER THE AGE OF 18.

EMPLOYED AT

_____ IN _____ COUNTY.
   Address

ON **8-23-07** I DEPOSITED IN THE UNITED STATES MAIL AT
   Date

**Soledad, CA.** A COPY OF THE ATTACHED
   City and State

**1 original & 1 copy of Habeas Corpus with attachment** IN A SEALED ENVELOPE, WITH
   Title or description of each paper **and Motion for Council Request**

POSTAGE FULLY PRE PAID, ADDRESSED TO:  **1 copy of Habeas to:**

**N. District Court Clerk** / **Dept. of Justice**
**450 Golden Gate Ave Box 36060** / **Att. Gen.**
**San Francisco, CA. 94102** / **455 Golden Gate Ave, suite 11000**
                             / **San Francisco, CA 94102**

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: **8-23-07**           _____
                            SIGNATURE OF DECLARANT

                            **Aric Sands**
                            PRINT NAME OF DECLARANT

# EXHIBIT 11

S152476

# IN THE SUPREME COURT OF CALIFORNIA

En Banc

In re ARIC SANDS on Habeas Corpus

The petition for writ of habeas corpus is denied. (See *In re Dexter* (1979) 25 Cal.3d 921.)

SUPREME COURT
FILED

JUN 1 3 2007

Frederick K. Ohlrich Clerk

_____ DEPUTY

GEORGE
_____
Chief Justice