NAME: Aric R. Sands
CDC NO.: K-91492    CELL NO. D-9-G187
P.O. Box 1050
Salinas Valley State Prison
Soledad, Ca. 93960-1050

Plaintiff In Pro Se

FILED
08 APR 30 PM 1:34
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

In the United States District Court
For The Northern District of California, S.F. Division
(Insert Court Name And District)

In the matter of                    ) CASE NO.: C07-4466 CRB
                                    )
                                    ) Petitioner's Traverse
                                    ) And Supporting Memorandum
Aric Sands (K-91492)                ) of Points and Authorities
    Plaintiff/Petitioner,           )
                                    )
vs.                                 )
                                    ) Judge: The Honorable
Mike S. Evans, Warden               )        Charles R. Breyer
    Defendants/Respondents,         )

## Petitioner's Traverse

Petitioner Aric R. Sands hereby realleges, and incorporates as if fully set forth herein, All facts alleged in his Petition for Writ of Habeas Corpus on file in this Court.

In Response to the Answer to Order to Show Cause filed by the Respondents Scott C. Mather,

-1-

1  Deputy Attorney General, and Mike S. Evans, Warden, Petitioner
2  asserts the following:
3     1. Petitioner agrees that he is in the lawful custody of
4  The California Department of Corrections and Rehabilitation
5  following his 2005 conviction. In addition, Petitioner agrees
6  he was convicted in 2006 of assault by a prisoner as a
7  result of the incident that led to the disciplinary action
8  being challenged in this case. Petitioner's earliest possible
9  Release date (E.P.R.D.) is currently March 20, 2011.
10    2. Petitioner agrees that on October 2, 2005
11 Correctional Officer Mora did observe two inmates
12 attacking another by "striking him about the head and
13 upper body with their fist and feet."
14    3. Petitioner agrees that Correctional Sergeant Brennan
15 did observe that inmate Leimweber had "several lacerations/
16 scratches" on his back, and that Correctional Officer Madrigal
17 did locate a "slashing weapon" by the fence and another
18 "inmate manufactured weapon in the yard toilet."
19    4. Petitioner denies that C/O Mora and Sergeant
20 Brennan seen Petitioner making any "stabbing motion"
21 to Leimweber's back upon reviewing videotape nor any
22 such incident in the "Northwest corner of the yard."
23 Petitioner also denies throwing any "object from his right
24 hand." But agrees that a physical confrontation did
25 occur in the "Southwest" corner of the yard.
26    5. Petitioner agrees that inmate Leimweber did sustain
27 "abrasions/scratches" during the altercation but denies that
28 any such "puncture wounds" were on the victim's body.

-2-

6. Petitioner agrees that he was issued a Rules Violation Report charging him with Battery on an Inmate with a weapon with serious bodily injury. On February 1, 2006, Petitioner did plead to a criminal charge of "Assault by Prisoner" and received a two year sentence.

7. Petitioner agrees that on March 9th, 2006, he appeared before a Senior Hearing Officer for his disciplinary hearing. Also he agrees to almost all that was said in this section but asserts that he was found Guilty of the specific charge of "Battery on an inmate with a weapon with <u>no</u> Serious Bodily injury. No Serious Bodily Injury was proven when no medical care was needed nor given. There were not two puncture wounds to the back of the victim, for if there were, medical care would have been given if for no other reason than as a precaution to determin the seriousness of an injury.

8. Petitioner agrees that an administrative appeal was denied at every level which has exhausted all administrative remedies.

9. Petitioner agrees he sought Relief in the state courts. The Superior Court's findings were based on the findings of the administrative appeals and the "Insufficient evidence of the due process violations," were due to the lack of granting an Evidentiary Hearing, (which was Requested at every level of the state courts), and precluded the petitioner from showing the actual facts in support of the Due Process and lack of evidence violations.

10. Petitioner agrees that the California Court of Appeals "Summarily" denied his Petition.

11. Petitioner agrees that the California Supreme Court "Summarily" denied his Petition and that he has exhausted his state remedies.

12. When issues are "Mixed Questions," it remains that the state court determinations were "Unreasonable Applications" of established law, by giving one-line denials unsupported by any articulated analysis or reasoning. Petitioner set forth his factual allegations and requested an Evidentiary Hearing at every level of the state courts which were not granted and therefore precluded the Process in determining what evidence is factual. According to the court, the reasonableness of a factual determination depends upon (among other things) "the care with which the state court considered the subject... A responsible, thoughtful answer reached after a full opportunity to litigate is adequate to support the Judgment." (Mitchell v. Prunty, supra, 107 F.3d at 1339 n.3). And the state court failed to do so by giving its "one-line", denials and therefore the Petitioner has shown that the state courts denials were contrary to clearly established law.

13. Petitioner Affirmatively alleges his Due Process was violated on his March 2006 disiplinary hearing by not being allowed to present evidence and call witnesses and/or witnesses statements, (Wolff v. McDonnell 481 US 539, 564-70 (1974), as well as lack of evidence

-4-

(In Re HARRIS (1961) 56 CAL 2nd 879 (16 CAL. Rptr. 889) "exclusion of evidence violates Due Process" 6th and 14th Amendments), for a finding of Guilt of a higher charge than the actual offence. The evidence relied on must be supported by "substantial evidence" and cannot be made arbitrarily or capriciously. (Aikens V. Lash, 514 F. 2d 55, 60-61 (CA7 1975).

14. Petitioner's claim is timely under 28 U.S.C. § 2233(d)(1), and is not barred by the non-retroactivity doctrine.

15. Petitioner affirmatively reasserts that an evidentiary hearing is necessary and fully requests one for this matter.

16. Petitioner has stated and established grounds for Habeas Corpus Relief.

17. Petitioner's Administrative statutory, and/or Constitutional rights have been violated and by Respondent denying "Generally and specifically," each and every allegation of this petition is an attempt to disregard this process and denies actual Justice in this matter.

Accordingly Petitioner Respectfully Requests for an Evidentiary Hearing to be Granted so that the allegations with-in this petition can be proved true and Relief can be given for the Habeas Corpus Petition in this matter.

-5-

## Memorandum of Law in Support of Traverse

## Table of Contents

| | |
|---|---|
| The State Has Misstated the Standard of Review under 28 USC § 2254 (d) | 7 |

## Table of Authorities

### Cases

| | |
|---|---|
| Mitchell V. Prunty, supra, 107 F.3d at 1339 n. 3 | 4 |
| Wolff V. McDonnell, (1974) 418 US 539 | 4, 8 |
| In Re Harris, (1961) 56 Cal. 2nd. 879 | 5, 8 |
| Aikens V. Lash, 514 F.2d 55, 60-61 (CA7 1975) | 5, 9, 11 |
| Superintendent V. Hill, 472 US at 455-56 | 9, 11 |
| Butler V. McKellar, 494 US 407, 414 (1990) | 7 |
| Gilmore V. Taylor, 508 US 333, 351 (1993) | 7 |
| Earp, supra, at 1167 | 8, 9 |
| Taylor, supra, at 1101 | 8 |

### Constitutions, Statutes & Rules

| | |
|---|---|
| United States Constitution, 6th Amendment | 5, 9 |
| United States Constitution, 14th Amendment | 5, 9 |
| Penal Code § 2934 (a)(3) | 8 |
| 28 U.S.C. § 2254 (d)(1) | 5, 7 |

### Other Authorities

| | |
|---|---|
| 16 Cal. Rptr. 889 | 5, 8 |
| California Code of Regulations, Title 15 § 3315(e) | 8 |

# <u>Memorandum of Points and Authorities</u>

## <u>Argument</u>

### The State Has Misstated the Standard of Review Under 28 USC § 2254(d)

This Court is required (under the federal Habeas Corpus statute) to give fulsome deference to virtually all state court determinations -- including one-line denials unsupported by any articulated analysis or reasoning. Under the plainest and most consistent reading of the statutory language, a state court decision is "contrary to... clearly established federal law" whenever it is directly governed by, and is "contrary to," an established United States Supreme Court holding. Such state court decisions regarding well-established constitutional rules are given plenary review by the federal courts. In contrast, if the tendered claim is one that the Supreme Court's cases have never directly addressed, the state court's constitutional interpretation must be allowed to stand (under § 2254(d)(1)) unless it has applied the Supreme Court's related precedent in an "unreasonable" fashion. In other words, when there is no Supreme Court authority on point, § 2254(d) "validates reasonable good faith interpretations of existing precedents." <u>Butler v. McKellar</u>, 494 U.S. 407, 414 (1990).[1] The Ninth Circuit has repeatedly interpreted the amended statute in precisely this fashion. Thus the Ninth Circuit has held that <u>de novo</u> review of the state court's denial of a claim is not precluded by the AEDPA amendments. By parity

---

[1] Obviously, <u>Butler</u> was not specifically addressed to the AEDPA language, which was enacted some six years later. It is quite clear/pertinent, however, in ascertaining what Congress meant by an "unreasonable application" to look at how that phrase was used in recent habeas corpus jurisprudence. See also, <u>Gilmore v. Taylor</u>, 508 U.S. 333, 351 (1993) [O'Connor, J., concurring]

Reasoning, Petitioner is entitled to <u>de Novo</u> Review of all Claims.

Since the California Supreme Court denied this petition for Habeas Corpus without comment, the only decision the Federal Court can refer to is the decision from San Joaquin Superior Order (December 20, 2006). The Superior Court made its decision without first granting an evidentary hearing which was needed to make any credibility determinations on the facts alleged in the petition. Any controverted "facts" found by the state court while denying a request for an evidentary hearing, necessarily results from an "unreasonable determination" of the facts, and hence are not entitled to any presumption of correctness. <u>Earp, Supra, at 1167</u>; <u>Taylor, Supra, at 1101</u> "Where the state court's legal error infects the fact finding process, the resulting factual determination will be unreasonable and no presumption of correctness can attach to it."

Petitioner has clearly stated in every level of the administrative appeal, every level of the state court Habeas Corpus process, as well as in the original Federal Habeas Corpus Petition of what he is challenging which is not "solely" one claim (as the answer to Order to Show Cause, states). Petitioner's claims were and still are that he was not given his Due Process under <u>Wolff V. McDonnell</u> (1974) 418 U.S. 539; <u>Penal Code</u> § 2934 (a)(3); <u>California Code of Regulations</u>, Title 15 § 3315 (e) "Has a right to have all witnesses present to present adequate defence." Also that there was insufficient evidence to support a finding of guilt of a higher charge than the actual offence. <u>In Re Harris</u> (1961) 56 Cal 2nd 879; (16 Cal. Rptr. 889)

"exclusion of evidence violates Due Process", (6th and 14th Amendments). The evidence relied on must be supported by "Substantial Evidence" and cannot be made arbitrarily or capriciously. Aikens V. Lash, 514 F. 2d 55, 60-61 (CA 7 1975). The "Some Evidence" relied on in this case could be characterized as meager (Superintendent V. Hill, 472 U.S. at 455-56, "No evidence constitutionally adequate to support the findings.") Yet again by State Court denying the Petition without making any credibility determinations of the facts alleged, the State Court's decision was contrary to or an unreasonable application of Supreme Court Law, and was based on an unreasonable determination of the facts in light of the evidence presented.

    To clarify what the Respondent stated in his Order to Show Cause and Points and Authorities on page 7 at 15, the Petitioner was found guilty of the specific charge of assault with a weapon with <u>no</u> serious bodily injury. Petitioner can demonstrate that the State Court unreasonably applied <u>Hill</u>, in denying his claim. As stated earlier (Id at 9), The "Some Evidence could be characterized as meager... No Evidence Constitutionally Adequate" (Superintendent V. Hill). In regards to meeting the "Higher Preponderance Standard," (Ibid), "Substantial Evidence cannot be made arbitrarily or capriciously," (Aikens V. Lash). Without any credibility determinations being made, (Earp), the state court's findings were an "Unreasonable Determination of the facts and hence are not entitled to any presumption of correctness." (Id at 8).

    This "Some Evidence" that continues to be referred to

-9-

throughout the Respondents Answer to Order to show cause is not "factual Evidence" for a finding of Guilt for a charge of Assault with a weapon. This "Some Evidence" was picked and stacked together to appear to have a higher weight value than the actuality of the offence that occured. In Regards to the injuries refered to in the Order to show Cause (pg. 7 at 28), The correct wording from the Medical Report is "Abrasion/scratch" and "Puncture" wounds. This Medical exam was conducted through the grill of a cage and was a simple, unclothed body search, and no medical follow-up was ever conducted to determin the seriousness of any Alleged wounds. This in itself should show that there was not any such "Puncture" wounds, (Id 2 at 26-28 and 3 at 11-13). The video being Refered to is the same video that was shown at the Criminal Proceedings in San Joaquin Superior Court. The same video to which proved that an Assault with a weapon did not occure and had the words "weapon" and "S.B.I." stricken from the Record, for the charge of Penal Code 4501. Proof of this is on record within this petition. This is the same video that should be shown to this court at an Evidentiary Hearing.

    In the Respondents Order to show Cause, pg 8 at 10-20, (1) and (2) are the same Report and should not be split into two seperate points of evidence; (3) and (4) are correct; (5) Petitioner did plead Guilty to a Battery on another Inmate and as proven (Ibid) the

-10-

"with a deadly weapon or instrument, or by any means of force likely to produce great bodily injury," were stricken from the record in the Superior Court; and (6) The Medical Report in itself was vague by any medical means in regards to the misdiagnosis of a puncture wound.

    Further, the Petitioner does allege that this evidence does not conclusively demonstrate he assaulted a inmate with a weapon. Within a institutions disciplinary process, it shouldn't necessarily need a definitive showing that some sort of misconduct occured, but in regards to a higher charge involving a special allegation of a weapon or S.B.I., e.g., a definitive showing of evidence, <u>Hill</u> "Constitutionally Adequate," to support the findings, hence the "Substantial evidence" clause under <u>Aikens V. Lash</u>, should be shown.

Respectfully Submitted;

Dated 4-28-08

*Aric Sands*
<u>Aric Sands</u>

-11-

## Conclusion

The Petitioner's burden under AEDPA has been proved by showing the state court made an unreasonable determination of the facts by not granting an evidentiary hearing, and therefore couldn't make any credibility determinations on the facts alleged within, and made an unreasonable application of clearly established law when the Supreme Court's related precedent was applied in an "unreasonable" fashion since there was no authority on point. Accordingly, Petitioner prays this court to grant relief and since material facts are in dispute, Petitioner should be allowed an evidentiary hearing, at which he could develop the factual basis for his Habeas Relief claims.

Respectfully Submitted:

Dated 4-28-08

*Aric Sands*

Aric Sands