NAME: Aric R. Sands

CDC NO.: K-91492    CELL NO. D-9-G-187

P.O. Box 1050

Salinas Valley State Prison

Soledad, Ca. 93960-1050

Plaintiff In Pro Se

FILED
08 APR 30 PM 1:34
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

In The United States District Court
For the Northern District of California, S.F. Division
(Insert Court Name And District)

In the matter of ) CASE NO.: C 07-4466 CRB
) Motion for Evidentiary
) Hearing And Supporting
Aric Sands (K-91492) ) Memorandum of Points
                     ) And Authorities:
Plaintiff/ Petitioner )
)
vs. )
)
Mike Evans, Warden )
)
Defendants/ Respondent )

To: The Above Entitled court;

## Introduction

Comes now, Aric R. Sands, The Petitioner in the above-entitled matter, And Requests the court to Order A Evidentiary Hearing to Allow the Petitioner to Prove All material Facts in dispute, of the facts Alleged throughout the Petitioner's

-1-

1. Habeas Corpus and Traverse.
2.     Petitioner is entitled to an Evidentiary Hearing at which he
3. could develop the Factual basis for his Habeas Relief Claims.
4.     Petitioner is prepared for the Hearing. The Evidence to
5. which will be produced to support his allegations are the actual
6. Video Tape that shows the whole incident that occured in
7. Regards to the entire matter on Record. This would allow
8. the Petitioner to Prove that at no time did he possess,
9. nor use a weapon, showing that there was insufficient
10. evidence to support a finding of Guilt of a Higher Charge
11. than the actual offence. The Petitioner would also be
12. enabled to show to the court how his Due Process was
13. Violated under <u>Wolff v. McDonnell</u>, as well as under the
14. Administration's own Regulations Code, "Has the Right to
15. have all witnesses Present to Present an adequate defence",
16. and when and where, the actual violation occured during
17. the disciplinary process.
18.     The Petitioner, Being an Inmate in State Prison, is
19. without the means and ability to ever possess items such
20. as a video tape in Prison without the assistance of
21. Counsel unless an Evidentiary Hearing is granted. If in
22. fact he was able, this evidence would have been submitted,
23. along with the Petition, in the very begining.
24.     Wherefore, the Petitioner prays the Court to grant
25. this Evidentiary Hearing, and allow the Petitioner equal
26. Rights in this matter to Prove the Facts alleged.
27.
28.

## Memorandum of Points and Authorities

### Argument

Petitioner requested an evidentiary hearing at every level of the state habeas proceedings, and each of the courts to which he applied ruled without granting him an evidentiary hearing. As a result, (1) Petitioner is entitled to an evidentiary hearing in this court before the court can make any credibility determinations on the facts alleged in the petition and supporting exhibits; and (2) any controverted "facts" found by the state court while denying a request for an evidentiary hearing necessarily results from an "unreasonable determination" of the facts, and hence are not entitled to any presumption of correctness. EARP, SUPRA, at 1167; TAYLOR, SUPRA, at 1101 ["Where the state court's legal error infects the fact finding process, the resulting factual determination will be unreasonable and no presumption of correctness can attach to it."]

The Respondent's Return to Order to Show Cause (OSC) was insufficient, as it contains only general denials of Petitioner's factual allegations. The Supreme Court, Lucas, C.J., held that: "(1) General rule regarding pleading of facts in Habeas Corpus proceedings should not be enforced so strictly as to defeat ends of justice; (2) When party can allege he or she acted with due diligence, crucial information is not readily available, and there is good reason to dispute certain facts or testimony, courts evaluating return and traverse should determine whether evidentiary hearing is required; (3) Return to Order to Show Cause should set

forth with specificity why information is not readily available, steps that were taken to try to obtain it, and and why party believes facts are untrue; and (4) The Court should have appointed Referee to hold Evidentiary Hearing." People v. Duvall, 9 Cal. 4th 464 (Cal. 1995), "When after considering Return to Order to Show Cause and Traverse in Habeas Corpus proceeding, Court finds material facts in dispute, it may appoint Referee and Order Evidentiary Hearing be held... In cases in which access to critical information is limited or denied to one party, where it is unreasonable to expect party to obtain information at pleading stage, or where proper resolution of cases hinges on credibility of witnesses, general rule requiring pleadings of facts in Habeas Corpus proceedings should not be enforced in such draconian fashion as to defeat ends of Justice."

Requirement that Return to Order to Show Cause allege facts responsive to petition for Habeas Corpus is critical, as factual allegation in Return are either admitted or disputed in Traverse than filed by Petitioner, Framing factual issues that court must decide. West's Ann. Cal. Penal Code § 1480

## Conclusion

Wherefore, the foregoing reasons and any others deemed appropriate by the court, Petitioner prays the court to Order an Evidentiary Hearing.

Dated: 4-28-08

Respectfully Submitted,

Aric Sands

Petitioner In Pro-se

-4-