UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIC R. SANDS,<br><br>    Petitioner,<br><br>    v.<br><br>MIKE S. EVANS, Warden,<br><br>    Respondent.<br>_____/ | No. C 07-4466 CRB (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(Doc # 19) |

Aric R. Sands, a state prisoner currently incarcerated at Salinas Valley State Prison, seeks a writ of habeas corpus under 28 U.S.C. § 2254 challenging a prison disciplinary finding that resulted in the forfeiture of 360 days of time credit. For the reasons set forth below, a writ of habeas corpus will be denied.

## BACKGROUND

On October 2, 2005, Sands and another inmate attacked a third inmate on a prison yard at the Deuel Vocational Institution. Sands was issued a rules violation report charging him with battery on an inmate with a weapon and with serious bodily injury, and the matter was referred to the San Joaquin County district attorney for possible criminal prosecution.

On February 1, 2006, Sands pleaded guilty to assault by a prisoner in San Joaquin County Superior Court and received a two-year sentence.

On March 9, 2006, Sands received a hearing on the disciplinary charge and was found guilty of battery on an inmate with a weapon and with serious bodily injury. He was assessed 360 days of time credit. Sands sought relief from the state courts arguing, as he does here, that he was denied due process in connection with the disciplinary finding.

On December 20, 2006, the San Joaquin County Superior Court denied Sands' petition for a writ of habeas corpus in a reasoned decision.

On May 1, 2007, the California Court of Appeal summarily denied Sands' petition for a writ of habeas corpus and, on June 13, 2007, the California Supreme Court also summarily denied Sands' petition. The instant federal petition followed.

**DISCUSSION**

A.   Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

"[A] federal habeas court may not issue the writ simply because the court concludes in

2

1 its independent judgment that the relevant state-court decision applied clearly established
2 federal law erroneously or incorrectly. Rather, that application must also be unreasonable."
3 Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask
4 whether the state court's application of clearly established federal law was "objectively
5 unreasonable." Id. at 409.

6      The only definitive source of clearly established federal law under § 2254(d) is in the
7 holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court
8 decision. Id. at 412; Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir. 2003). While circuit
9 law may be "persuasive authority" for purposes of determining whether a state court decision
10 is an unreasonable application of Supreme Court precedent, only the Supreme Court's
11 holdings are binding on the state courts and only those holdings need be "reasonably"
12 applied. Id.

13      Whether a state court's decision was unreasonable must be assessed in light of the
14 record the state court had before it. Holland v. Jackson, 542 U.S. 649, 652 (2004).

15 B.    Analysis

16      Sands claims that the disciplinary finding and resulting forfeiture of time credits does
17 not comport with due process because: (1) the finding is not supported by sufficient
18 evidence, and (2) he was not allowed to call witnesses in his defense. Sands also seeks
19 production and review of "[a]ny and all microfilm, microfiche, and video tapes" pertaining to
20 the battery in the hope that they may exonerate him. The claims and request for production
21 are without merit.

22      A prisoner is entitled to due process in connection with a disciplinary proceeding that
23 imposes discipline which affects the duration of his sentence. See Sandin v. Conner, 515
24 U.S. 472, 484, 487 (1995). The process due in such a prison disciplinary proceeding
25 includes written notice, time to prepare for the hearing, a written statement of decision,
26 allowance of witnesses and documentary evidence when not unduly hazardous, and aid to the
27 accused where the inmate is illiterate or the issues are complex. Wolff v. McDonnell, 418
28 U.S. 539, 564-67 (1974). In addition, the findings of the prison disciplinary decision-maker

1  must be supported by some evidence in the record. Superintendent v. Hill, 472 U.S. 445, 454
2  (1985). There must be "some evidence" from which the conclusion of the decision-maker
3  could be deduced. Id. at 455. An examination of the entire record is not required nor is an
4  independent assessment of the credibility of witnesses or weighing of the evidence. Id. The
5  relevant question is whether there is any evidence in the record that could support the
6  conclusion reached by the disciplinary decision-maker. Id. This standard is considerably
7  lower than that applicable in criminal trials. Id. at 456.

8  The San Joaquin County Superior Court rejected Sands' claims on the merits:

> . . . . Petitioner raises three arguments against the disciplinary findings – violation of due process based on insufficient evidence to support the charge; denial of his right to call witness in his defense; and video to be viewed by non-bias party. Petitioner requests the CDC 115 be dismissed or reduced and appropriate credits restored.
>
> Upon review of the record, it appears that Petitioner has properly exhausted his administrative remedies on the CDC 115, the Director's Review having been issued on July 20, 2006 and the appeal denied. In the Review, it was noted that Petitioner was afforded all due process; the findings and disposition were appropriate and supported by a preponderance of the evidence; the record did not reflect that Petitioner had requested witnesses; Petitioner admitted to the battery but denied use of weapon; the injuries to victim were (2) puncture and (2) slashing wounds to the back; the video tape was reviewed again and revealed Petitioner strike the victim in the back with stabbing motion and then throw an object onto the ground; the object retrieved was a stabbing instrument; and Petitioner had accepted a plea on criminal charges on PC 4501, assault by prisoner.
>
> Upon further review, the court finds insufficient evidence of any alleged due process violations and the finding on appeal are supported by a preponderance of the evidence. Petitioner has failed to establish a prima facie case for relief (In re Bower (1985) 38 C3d 865, 872) and summary denial is appropriate (People v. Jackson (1980) 28 C3d 264).

In re Sands, No. SF 098374A, slip op. at 1-2 (Cal. Super. Ct. Dec. 20, 2006) (Answer Ex. 7).

The state courts' rejection of Sands' claims was not contrary to, and did not involve an unreasonable application of, clearly established Supreme Court precedent, nor was it based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d). The evidence cited by the superior court in affirming the disciplinary finding of battery with a weapon and with serious bodily injury meets Hill's "some evidence" standard. The evidence at the disciplinary hearing – Sands' admission to the battery but not to use of the weapon; the

4

puncture and slashing wounds on the back of the victim; video tape showing Sands striking the victim in the back with a stabbing motion and then throwing an object to the ground; and stabbing instrument – constitutes "some evidence" from which the senior hearing officer could conclude that Sands was guilty of the disciplinary charge of battery with a weapon and with serious bodily injury. See Hill, 472 U.S. at 455. Sands is not entitled to federal habeas relief on his insufficient evidence claim because the state courts' rejection of the claim was not objectively unreasonable. See Williams, 529 U.S. at 409.

Nor is Sands entitled to federal habeas relief on his claim that he was denied his right to call witnesses under Wolff. The superior court rejected the claim on the ground that Sands did not actually request any witnesses at the disciplinary hearing. That finding is entitled to a presumption of correctness which Sands does not rebut. See 28 U.S.C. § 2254(e)(1).

Finally, Sands' request for production and review of all microfilm, microfiche and videotapes pertaining to the battery in the hope that they will somehow exonerate him must be denied. Sands' mere speculation is not enough for this Court to consider evidence not considered by the state court, see Holland, 542 U.S. at 652 (reasonableness of state court's decision must be assessed in light of record before state court), or to reweigh the evidence considered by the senior hearing officer at Sands' disciplinary hearing, see Powell v. Gomez, 33 F.3d 39, 42 (9th Cir. 1994) (reviewing federal habeas court should not "reweigh the evidence" considered by the disciplinary or parole board).

## CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is DENIED.

The clerk shall enter judgment in favor of respondent, terminate all pending motions (see, e.g., doc # 19) as moot and close the file.

IT IS SO ORDERED.

DATED: March 30, 2009

CHARLES R. BREYER
United States District Judge

G:\CRBALL\2007\4426\SandsDenial.wpd